UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT GEREMINO,

                     Plaintiff,

    -against-

TOWN OF CLARKSTOWN, NEW YORK,
RAYMOND LASCHET, T. McCRUDDEN
and M. RUSZKOWSKI,

                     Defendants.
-----------------------------------------------------------X

JUDGE ROBINSON

'10 CIV 00369

ECF CASE

COMPLAINT

DEMANDS TRIAL
BY JURY

    Plaintiff, Robert Geremino, by his attorneys Robert N. Isseks and Alex Smith, complaining of the defendants, Town of Clarkstown, New York, Raymond Laschet, T. McCrudden and M. Ruszkowski, alleges as follows:

### PARTIES

    1. At all times hereinafter mentioned plaintiff was and remains a resident of the County of Rockland, State of New York.

    2. Defendant Town of Clarkstown, New York, is a municipality located in the Southern District New York.

    3. Defendant, Raymond Laschet was at all times relevant to this lawsuit an officer of the Police Department of the Town of Clarkstown, New York. Defendant Laschet is being sued in his individual capacity.

    4. Defendant, T. McCrudden was at all times relevant to this lawsuit an officer of the Police Department of the Town of Clarkstown, New York. Defendant McCrudden is being sued in his individual capacity.

5. Defendant, M. Ruszkowski was at all times relevant to this lawsuit, an officer of the Police Department of the Town of Clarkstown, New York. Defendant Ruszkowski is being sued in his individual capacity.

## NATURE OF ACTION AND JURISDICTION

6. This is a civil action seeking damages against the defendants for committing acts under color of law which deprived plaintiff of rights secured under the Constitution and laws of the United States and particularly under the provisions of the Fourth and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. §1983.

7. Each and all of the acts of the police officer defendants were done by them in their individual capacities under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and under their authority as officers of the Town of Clarkstown Police Department.

8. Jurisdiction is conferred on this Court by 28 USC §§1331 and 1343.

## PLAINTIFF'S STATEMENT OF CLAIMS

### A. As against the Individual Defendants Laschet, McCrudden and Ruszkowski

9. On December 29, 2006, at about 8:00 p.m., plaintiff was at the Town of Clarkstown Police Station to transition his then 3-year old son to his former wife and son's mother, Margaret Baker, pursuant to a written agreement between plaintiff and Baker which provided that the transitions of their son would take place at the Clarkstown Police Station and that no one would transition their son other than plaintiff, Baker, plaintiff's mother or plaintiff's niece.

evening so that he could present the report to the Rockland County Family Court in order to prevent such an incident from happening in the future.

17. On December 30, 2006, plaintiff returned to the Police Station, met defendant Laschet at the window and proceeded to fill out and file a report concerning the incident with Ferrettie on the evening of December 29, 2006. A copy of this report is attached to this Complaint as Exhibit A.

18. All of the statements contained in plaintiff's report (Exhibit A) are true.

19. During the three weeks following December 30, 2006, plaintiff and Baker continued to transition their son at the Clarkstown Police Station without incident.

20. On January 19, 2007, at about 6:00 p.m., plaintiff arrived at the Clarkstown Police Station Officer and was approached by defendant Laschet who told plaintiff to follow him.

21. Laschet then served plaintiff with an accusatory instrument made and executed by Laschet which falsely charged plaintiff with the crimes of falsely reporting an incident in the third degree [N.Y.S. Penal Law §240.50(3)] and making a punishable false written statement [N.Y.S. Penal Law §210.45]. This accusatory instrument is attached as Exhibit B.

22. Upon information and belief, the aforementioned accusatory instrument was made and executed by defendant Laschet in concert with defendants McCrudden and Ruszkowski and the factual allegations contained therein were based upon the following falsely reported narratives contained in Laschet's Case Report Summary (Exhibit C):

> I (P.O. T. McCrudden #185) was present at the time of the child exchange on 12-29-06 and did observe the above reported incident. At no time did PI-2 Ferretti pursue and shout at PI-1 Gerimino. PI-2 was not aggressive at any time and he never said anything about the child not to see his father. PI-2 never left the front curb of the station and was advised that PI-1 would not turn the child over to him. After this both parties left without further incident.
>
> I [Ruszkowski] was the desk officer on 12/29/06 at the time the incident in this report took place. Myself and PO T. McCrudden witnessed the entire attempt of a custody exchange and at no time were Robert Geremino and Mark Ferretti left alone during this incident. Myself and PO T. McCrudden walked out to the CPD parking lot with Robert Geremino and Mark Ferretti just to speak with them. I spoke with Robert Geremino and PO T. McCrudden spoke with Mark Ferretti. At no time did Mark Ferretti threaten or shout at Robert Geremino or Robert Geremino Jr. There was no incident in the station or the parking lot and both parties left without incident.

23. The above two statements are false in that Ferrettie was aggressive and did pursue, threaten and shout at plaintiff; Ferrettie did say something about the child not to see his father; and Ferretti and plaintiff were alone during the incident for a short period of time.

24. The false allegations contained in the two statements, as specified above, were known by defendants McCrudden and Ruszkowski, at the time they were made, to be false and/or McCrudden and Ruszkowski knew that they had no basis for making such allegations.

25. Upon information and belief, when Laschet made and executed the accusatory instrument he knew that the above-specified allegations made by McCrudden and Ruszkowski were false and/or he was deliberately indifferent to their truth or falsity.

26. The accusatory instrument was executed by defendant Laschet without probable cause, legal process or any other right or privilege and, upon information and belief, in concert with defendants McCrudden and Ruszkowski.

27. On January 19, 2007, at about 6:30 p.m., Laschet arrested plaintiff on the charges contained in the accusatory instrument and placed plaintiff in a cell where he remained in Laschet's custody for several hours.

28. Defendant Laschet, in concert with defendants McCrudden and Ruszkowski, thereafter caused the aforementioned accusatory instrument to be filed with the Town of Clarkstown Justice Court and thereby commenced a criminal prosecution against plaintiff.

29. Said criminal prosecution was commenced by the aforementioned defendants with malice and without probable cause, legal process or any other right or privilege.

30. On January 19, 2007, at approximately 10:00 p.m., plaintiff was arraigned before the Town of Clarkstown Court at which time he was released on his own recognizance and issued an order of protection (Exhibit D) suspending his rights to visitation of his son.

31. Thereafter, plaintiff retained defense counsel and made numerous court appearances in defense of the prosecution of the criminal charges contained in Laschet's accusatory instrument.

32. Finally, in April, 2008, both criminal charges against plaintiff were dismissed on the merits, *nunc pro tunc* as of June, 2007, by order of the Town of Clarkstown Justice Court.

33. The aforementioned arrest, detention and prosecution of plaintiff was initiated and executed by defendant Laschet, in concert and with the aid of defendants McCrudden and Ruszkowski, with malice and without probable cause, justification or other legal process.

34. As a result of defendant's false and unlawful arrest of plaintiff as set forth above, plaintiff was injured emotionally, subjected to disgrace and humiliation and loss of liberty and the expenses of his defense.

35. All of the foregoing occurred without any fault or provocation on the part of plaintiff who was wholly innocent of the charges filed against him and of any other unlawful or wrongful conduct.

36. The conduct of police officer defendants as set forth above violated plaintiff's Fourth Amendment right not to be arrested without probable cause and his Fourth and Fourteenth Amendment rights to due process and to not be maliciously prosecuted.

37. Based upon the foregoing the police officer defendants are liable to plaintiff for compensatory damages.

38. Because the police officer defendant's conduct as set forth above was performed maliciously, in bad faith, and/or with a deliberate indifference to plaintiff's constitutional rights, these individual defendants are liable to plaintiff for punitive damages.

## B. As Against Defendant Town of Clarkstown

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as though fully set forth herein.

40. The acts, conduct and behavior of the individual police officer defendants were, in part, the results of the failure of the defendant, Town of Clarkston to (1) adequately train its police officers in the proper manner of determining whether there is probable cause to charge, arrest and prosecute an individual and (2) adequately screen, monitor and discipline its officers.

41. The Town of Clarkstown's failure to train, screen, monitor and discipline its police officers as aforesaid constituted a policy of deliberate indifference to the rights of the plaintiff and said policy caused the aforementioned constitutional violations, injuries and damages sustained by the plaintiff at the hands of the individual defendants.

42. By reason of the aforesaid the plaintiff is entitled to an award of compensatory damages against the Town of Clarkstown.

WHEREFORE, plaintiff asks this Court to:

    A. Issue an order adjudging and declaring that defendants' conduct violated plaintiff's rights under the Fourth Amendment and Fourteenth Amendments to the United States Constitution;

    B. Award plaintiff compensatory damages against the defendants in amounts to be determined by the Court;

    C. Award plaintiff punitive damages against the individual police officer defendants in amounts to be determined by the Court;

    D. Award plaintiff the costs and disbursements of this action;

    E. Award plaintiff reasonable attorney fees; and

      F. Grant plaintiff such further and other relief as to this Court may seem just and proper.

Dated: January 15, 2010

                                                     */s/*

                                      ROBERT N. ISSEKS, ESQ. (RI 0241)
                                      ALEX SMITH, ESQ. (AS 5052)
                                      Attorneys for Plaintiff
                                      6 North Street
                                      Middletown, New York 10940
                                      (845) 344-4322

Page 2 of the NYS Domestic Incident Report;
STATEMENT OF ALLEGATIONS / SUPPORTING DEPOSITION

I, Robert Guerriero (victim/deponent name), state that on 12/29/01 (date) at 2.e
_____ (nombre de victima/deponente), declaro que en tal fecha __/__/__ en _____

(location of incident), in the County/City/Town/Village of Clarkstown of the state of New York, the following did
(donde el incidente ocurrio), el condado/ciudad/aldea/pueblo de _____, del estado de Nueva York, lo siguiente ocu

As I returned my son Robert at 2p.m. to exchange custody, I was approached by Mark Ferretti. Mr. Ferretti was present in place of Roberts mother Peggy Baker. This was not an agreed substitution. Upon seeing that Peggy Baker was not present I retreated towards the parking lot to my car. Mr. Ferr continued to pursue me shouting to me and Robert the following — Robert do not go with your father — Your mother does not want you to see your father. Come with me — Do not go with your father. Your mother wants you to stay with me, not your father. Do not see your father.

Mr. Ferretti pursuit of me was stop by a police officer. Mr. Ferretti approach was aggressive and frightening to my self, my son and mother and niece.

(Use additional pages as ne

False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal L.
Declaraciones falsas hechas aqui son castigables como una clase de delito menor, de acuerdo con la seccion 210.45 de
ley penal.

_Robert Guerriero_
Victim/Deponent Signature
Firma de victima/deponente

Date
Fecha

Note:
Whether or not this form
signed, this DIR form wil
filed with law enforceme

Interpreter

Date

Nota:
Si esta forma esta firmad.
no, esta DIR forma sera re
trada con la policia.

Witness or Officer

Date

CR-36094

JUSTICE COURT OF THE TOWN OF CLARKSTOWN
COUNTY OF ROCKLAND

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Robert Geremino 01/20/1962 (M 44)

MISDEMEANOR

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF ROCKLAND)

Police Officer Raymond Laschet, shield #488, being duly sworn, deposes and says as follows:

On December 30, 2006, at about 1240 hours at 20 Maple Avenue, N City in the TOWN OF CLARKSTOWN in the County of Rockland in the Sta of New York, the defendant committed the offenses of:

1. PL 240.50(3)        Falsely Reporting an Incident 3rd degree
2. PL 210.45           Making a Punishable False Written Statement

in that the defendant, knowing that the information conveyed was false, gratuitously reported to a law enforcement agency the allege occurrence of an incident which did not occur, or an allegedly impending occurrence of an incident which in fact was not about to occur or false information relating to an actual incident; and the defendant knowingly made a false statement which he did not believe be true in a written instrument bearing a legally authorized form notice that false statements made therein are punishable.

The offenses were committed under the following circumstances:

On the aforementioned time and date The defendant inside Clarkstown Police Headquarters knowingly and intentionally reported false and baseless information to the deponent a law enforcement officer. The defendant knowingly and intentionally gave false information about an incident which in fact did not occur. The defendant made a false written statement witnessed by the deponent o Page 2 of NYS Domestic Incident Report(D.I.R) Statement of Allegations/Supporting Deposition which states "False Statements mad herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal Law".

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

Sworn to before me on _____, 2007.



# Case Report
## Summary

Police Records Division
20 Maple Avenue
New City, NY 10956
845.639.5850
845.639.6238 fax
M-F 8:00am-5:00pm

Clarkstown Police
ORI Number: NY0435000

Print Date/Time: 01/24/2007 09:31
Login ID: msandoval
Case Number: 2006-00036098

### Case Details
Case Number: 2006-00036098
Location: 20 MAPLE AVE
         NEW CITY, NY, 10956
Reporting Officer ID: 488 - Laschet

Incident Type: Falsely Reporting an Incident
Occurred From: 12/30/2006 12:40
Occurred Thru: 12/30/2006 13:00
Disposition:

### Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 90Z | PL 240.50 03A AM3 | FALSELY REPRT TO LAW ENFORCEMNT AN INCIDENT THAT DIDNT OCCUR | 1 |
| 2 | State | 90Z | PL 210.45 AM0 | FALSE WRITTEN STATEMENT | 1 |

### Subjects

| Type | No. | Name | Address | Phone | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| Other | 1 | Mark Ferretti Jr. | 75 VILLAGE GREEN BARDONIA, NY 10954 | (845) 641-7857 | W-White | M-Male | 01/03/1985 |
| Other | 2 | ROBERT GEREMINO | 75 VILLAGE GREEN BARDONIA, NY 10954 | | R-Not Reported | M-Male | 10/14/2003 |
| Other | 3 | PEGGY BAKER | 75 VILLAGE GREEN BARDONIA, NY 10954 | | W-White | F-Female | 01/14/1965 |
| Suspect | 1 | Robert Geremino Sr. | 5 AUBURN DR NEW CITY, NY 10956 | (845) 634-9372 | W-White | M-Male | 01/20/1962 |
| Victim | 1 | SOCIETY | | | | | |

### Arrests

### Property

### Suspect Vehicles

**OfficerID: rlaschet, Narrative**
On 12-30-2006 at 1240 hrs SU-Geremino walked into Clarkstown Police headquarters report a harassment that occurred on 12-29-2006 at 2000 hrs in front of 20 Maple Ave in New City. SU-Geremino states that when he was returning his son OT2-Geremino,Jr to his ex-wife when an unauthorized person OT1-Ferretti came instead of his ex-wife. SU-Geremino stated that when he refused to turn over custody of his child OT-Ferretti became angry and followed him in the parking lot and yelled to OT2-Geremino,Jr "Don't go with your father, and your mom does not want you to see your father". SU-Geremino also stated PO T.McCrudden and PO Ruszkowski had to stop OT1-Ferretti from following SU-Geremino in the parking lot of 20 Maple Avenue.
During subsequent investigation of this incident by this officer the alleged incident by SU-Geremino did not occur. See PO T. McCrudden and Ruskowski Case Report Supplements. SU-Geremino documented his allegation in a written statement on Page 2 of the NYS Domestic Incident Report(Statement of Allegation/Supporting Deposition). SU-Geremino signed his name under which it states on the report in bold letters"False Statements made herein are punishable as a Class A Misdemeanor, Pursuant to section 210.45 of the Penal Law. Property Card was completed for the (D.I.R.) and placed in the property locker as evidence. This officer will re interview SU-Geremino about this incident. No further information is available at this time. PO R. Laschet #488.

**OfficerID: rlaschet, Narrative Supp**



# Case Report
## Summary

Police Records Division
20 Maple Avenue
New City, NY 10956
845.639.5850
845.639.6238 fax
M-F 8:00am-5:00pm

Print Date/Time: 01/24/2007 09:31
Login ID: msandoval
Case Number: 2006-00036098

Clarkstown Police
ORI Number: NY0435000

On 01-19-2007 at 1810 hrs AR-Geremino was placed under arrest without incident inside CPD Headquarters 20 Maple Ave in New City. AR-Geremino was walked to the cell area by this officer; searched and placed into cell#2 without incident. Property Envelope completed and Jail Log started. Arrest Report and Case Report completed. Charges to be typed and Signed. AR-Geremino was fingerprinted by Det Parent. AR-Geremino was read Miranda Warnings by Det. Alvarado and made a written statement which was placed in the property locker with a property card.
On 01-19-2007 at 2155 hrs AR-Geremino was arraigned by Judge Gerber and released on his recognize. Judge Gerber issued a temporary order of protection ordering AR-Geremino to have no contact with his ex-wife Peggy Baker or his son Robert Geremino Jr. AR-Geremino was ordered by Judge Gerber to appear on 01-24-2006 at 0930 hrs in Clarkstown town Court. No further information is available at this time. PO R. Laschet #488.


OfficerID: tmccrudden, Narrative Supp
I (P.O. T McCrudden #185) was present at the time of the child exchange on 12-29-06 and did observe the above reported incident. At no time did PI-2 Ferretti pursue and shout at PI-1 Gerimino. PI-2 was not aggressive at any time and he never said anything about the child not to see his father. PI-2 never left the front curb of the station and was advised that PI-1 would not turn the child over to him. After this both parties left without further incident.


OfficerID: mruszkowski, Narrative Supp
1/7/07

I was the desk officer on 12/29/06 at the time the incident in this report took place. Myself and PO T. McCrudden witnessed the entire attempt of a custody exchange and at no time were Robert Geremino and Mark Ferretti left alone during this incident. Myself and PO T. McCrudden walked out to the CPD parking lot with Robert Geremino and Mark Ferretti just to speak with them. I spoke with Robert Geremino and PO T. McCrudden spoke with Mark Ferretti. At no time did Mark Ferretti threaten or shout at Robert Geremino or Robert Geremino Jr. There was no incident in the station or the parking lot and both parties left without incident.

PO M. Ruszkowski #484


**TEP ORDER OF PROTECTION**
RESPONDENT: ROBERT GEREMINO- PETITIONER: PEGGY BAKDER ADN ROBERT JR.- STAY AWAY ORDER
9100 YDS) NO COMMUNICATION, ASSAULT, HARASSMENT OR ANY CRIMINAL OFFENSE. THIS ORDER
SUPERSEDED ALL FAMILY/SUPREME COURT ORDERS OF PROTECTION OR VISITATION UNITL REVIEWED BY
FAMILY/SUPREME COURT. JUSTICE COURT DKT# O/P EXP. 06-08-2007 *****SERVED********

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT GEREMINO,

                Plaintiff,

                                                 VERIFICATION

    -against-

TOWN OF CLARKSTOWN, NEW YORK,
RAYMOND LASCHET, T. McCRUDDEN
and M. RUSZKOWSKI,

                Defendants.
------------------------------------------------------------X

State of New York, County of Orange ss.:

    ROBERT GEREMINO, being duly sworn, deposes and says:

    That he is the plaintiff herein; that he has read the foregoing Complaint and knows the content thereof; that same is true upon his personal knowledge or upon information and belief.

                                                        _____
                                                         ROBERT GEREMINO

Sworn to before me this
15th day of January, 2010

_____

LINDA C. VANDERBECK
Notary Public, State of New York
No. 01VA4953669
Qualified in Ulster County
Commission Expires July 24, 2013